UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMON WHEELER,

                        Plaintiff,

            -against-                                            23-CV-1023 (LTS)

DETECTIVE AHMED ARTOLA; THE CITY                      ORDER OF DISMISSAL
OF MIDDLETOWN,

                        Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is currently incarcerated at Orange County Jail, brings this *pro se* action

under 42 U.S.C. § 1983. Plaintiff alleges that, on April 5, 2014, Detective Artola subjected him

to an unlawful strip search. Plaintiff has already brought this same claim in a prior action,

however, and it was resolved against him after a bench trial. *See Wheeler v. Artola*, 7:16-CV-

07440 (LMS) (S.D.N.Y.), *aff'd*, 852 Fed. App'x 589 (2d Cir. April 27, 2021).

        By order dated March 30, 2023, the Court granted Plaintiff's request to proceed *in forma*

*pauperis* (IFP), that is, without prepayment of fees.[1]

### STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

Plaintiff alleges the following facts in his complaint. On April 5, 2014, at about 11:30

p.m., Plaintiff was driving on Monhagen Avenue in Middletown, New York. He was pulled over

for a traffic violation and taken to the City of Middletown Police Station. At the station,

Detective Artola "forcefully held [Plaintiff] down and stuck his finger in my anus in search of

contraband during a strip search." (ECF 2 at 4.) Plaintiff contends that he was "sexually abused

by Det. Ahmed Artola during a strip search." (*Id.*)

Plaintiff brought a prior suit asserting the same claim. In *Wheeler v. Artola*, 7:16-CV-

07440 (LMS) (S.D.N.Y.), Plaintiff alleged in his original complaint in that case that, on April 5,

2014, at about 12:30 a.m., while working as a taxi driver, he was driving on Monhagen Avenue

in Middletown. Detective Artola pulled him over, punched him, handcuffed him, and "beat[ him]

unconscious." (ECF 2 at 3.) In Plaintiff's third amended complaint, he added a claim that

Detective Artola forcibly conducted an illegal search of Plaintiff's anal cavity while Plaintiff was

"in the fetal position." (ECF 15 at 3-4.) Magistrate Judge Smith eventually held a bench trial in

that matter, and she made the following conclusions:

> Wheeler has failed to prove, by a preponderance of the evidence, (1) that
> Defendants Artola and McHugh are liable on Wheeler's claims under 42 U.S.C.
> § 1983 for (a) an unlawful traffic stop, (b) a false arrest, and (c) an unlawful
> search of Wheeler's vehicle; (2) that Defendant Artola is liable on Wheeler's
> claim under 42 U.S.C. § 1983 for the use of excessive force based on (a) punching
> Wheeler's face, both before Wheeler was removed from his vehicle and after he
> was placed in handcuffs, and (b) slamming Wheeler's head into a wall during the
> strip search; and (3) that Defendant McHugh is liable on Wheeler's claim under
> 42 U.S.C. § 1983 for failure to intervene to prevent the excessive use of force
> during the strip search; the Court finds that Defendants Artola, McHugh, and

2

Thoelen are entitled to qualified immunity on Wheeler's claim under 42 U.S.C.
§ 1983 for an unlawful strip search.

7:16-CV-07440-LMS (S.D.N.Y. Sept. 23, 2019).

With regard to the strip search claim, Magistrate Judge Smith concluded that defendants were entitled to qualified immunity because the reasonable suspicion required for an officer to conduct a strip or visual cavity search incident to an arrest for a felony drug crime was not settled in 2014, when this search was conducted. On appeal, the Second Circuit affirmed the lower court's decision, finding against Plaintiff on his unlawful strip search claim and on all other matters. *See Wheeler v. Artola*, No. No.19-3445-pr., 852 Fed. App'x 589 (2d Cir. April 27, 2021) ("The district court credited Artola's testimony that he punched Wheeler after Wheeler started closing his car window on Artola's arm. The court did not credit Wheeler's testimony that he was punched in the head while on the ground and handcuffed or that he was assaulted during the strip search. . . .  Accordingly, the district court did not clearly err in holding that defendants did not use excessive force.").

## DISCUSSION

The claim that Plaintiff seeks to raise in this complaint is barred by the doctrine of claim preclusion. Under the doctrine of claim preclusion, which is also known as *res judicata*, a litigant may not bring a new case that includes claims or defenses that were, or could have been, raised in an earlier case involving the same parties where the earlier case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion thus "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant." *Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018). It also bars a Plaintiff from relitigating "claims that the plaintiff could have brought in that earlier action but did not." *Id.* at 236-37. The doctrine "'serves the interest of

3

society and litigants in assuring the finality of judgments, [and] also fosters judicial economy and

protects the parties from vexatious and expensive litigation.'" *Id.* at 237 (quoting *Curtis v.*

*Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)).

 Claim preclusion generally applies if "(i) an earlier action resulted in an adjudication on

the merits; (ii) that earlier action involved the same counterparty or those in privity with them;

and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier

action." *Id.* "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory

or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir.

2017) (internal quotation marks and citation omitted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's

answer, *see* Fed. R. Civ. P. 8(c), a court may raise the issue on its own initiative. *See, e.g., Grieve*

*v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of

issue preclusion, even though defendant failed to plead that defense, and noting that "principles

of preclusion involve" not only "the rights and interests of the parties," but also "important

interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent

decisions"); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant

to raise *res judicata* in[an] answer does not deprive a court of the power to dismiss a claim on

that ground.").

The elements of claim preclusion are satisfied here. The events in Plaintiff's complaint

have already been raised and fully adjudicated in the prior action, 7:16-CV-07440, ECF 270.

Because Plaintiff's claims arise out of the same transactions and occurrences that were the

subject of the previous action, his claims were brought, or could have been brought, in the prior

proceeding. The doctrine of claim preclusion therefore bars Plaintiff from relitigating this claim,

and the complaint must be dismissed on this basis.[2]

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to

cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed

as barred by the doctrine of claim preclusion.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated:    May 8, 2023
          New York, New York

                                                          /s/ Laura Taylor Swain
                                                          LAURA TAYLOR SWAIN
                                                          Chief United States District Judge

---

[2] Even if claim preclusion did not prevent Plaintiff from bringing this claim, his action would be time-barred because the three-year limitations period for any Section 1983 claim arising from this 2014 arrest and strip search had already expired when he filed this complaint in 2023. *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (holding that New York's three-year personal injury statute of limitations, N.Y. C.P.L.R. § 214(5), is applicable to Section 1983 claims in New York).